Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF
TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAST ADVANCE FUNDING, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.:** 2:17-cv-05753-AB-JC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge: Hon. Andre Birotte, Jr.<br>Date: April 13, 2018<br>Time: 10:00 a.m.<br>Courtroom: 7B |

## I. INTRODUCTION

Plaintiff Terry Fabricant filed this putative class action complaint after Defendant Fast Advance Funding, LLC ("Defendant"), purposefully availed itself of the benefits of this state by directly calling Plaintiff, a California resident, on his cellular telephone without his consent to solicit their services in violation of the Telephone Consumer Protection Act ("TCPA"). These uncontroverted facts without question subject Defendant to Personal Jurisdiction with respect to Plaintiff's claims. It is unclear how Defendant can assert that Plaintiff has not and cannot show the requisite minimum contacts necessary to overcome Fed. R. Civ. P. 12(b)(2), when Plaintiff was living in California during the time when he suffered the harm in question and received the calls from Defendant.

Instead, Defendant moves to dismiss the present Complaint for lack of Personal Jurisdiction because Plaintiff seeks to represent a nationwide class of individuals similarly situated to Plaintiff who were cold called in the same way as Plaintiff. Defendant's arguments are in direct contrast to established binding Ninth Circuit precedent and decisions within this jurisdictional circuits that have found personal jurisdiction against out of state Defendants in TCPA cases just like this one. Defendant relies on a single case issued by the Supreme Court, which is entirely inapplicable to the case at hand and has expressly determined that its decision provided no change in the law.

As explained in more detail below, the case that Defendant cites, *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cty.*, --U.S.--, 137 S. Ct. 1773 (2017), determined that the Defendant was not subject to personal jurisdiction against non-resident named Plaintiffs in a mass tort, products liability and false advertising suit. This is completely contrary to this case, which is a class action where a single named Plaintiff bringing claims under a federal statute *on behalf of* a nationwide class.

For these reasons and others, explained more fully below, the Honorable Court should deny Defendant's Motion to Dismiss in its entirety.

## II.    STATEMENT OF FACTS

Beginning in or around March of 2017, Defendant contacted Plaintiff on Plaintiff's cellular telephone numbers registered with the Do-Not-Call Registry ending in -1083 in an attempt to solicit Plaintiff to purchase Defendant's services. First Amended Complaint ("FAC") at ¶10 and Terry Fabricant's Declaration in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Fabricant Decl.") at ¶4. Defendant's initial call was made on March 29, 2017 to Plaintiff's cellular telephone number (818) 266-1083. Fabricant Decl. at ¶5. Plaintiff had never provided his telephone number to Defendant for any reason whatsoever prior to Defendant calling Plaintiff. Fabricant Decl. at ¶5.

Defendant placed multiple calls promoting and selling Defendant's services. FAC at ¶¶18-20. Defendant called Plaintiff, while Plaintiff was residing in the County of Los Angeles, in the State of California, and to a telephone number assigned to the region of Los Angeles County, California. FAC at ¶¶3-4 and Fabricant Decl. ¶5. Plaintiff requested that Defendant stop calling him, yet Defendant continued to call him and solicit its services. FAC at ¶¶21-23 and Fabricant Decl. at ¶6. Based on these allegations and others alleged in the FAC, Plaintiff seeks to represent four nationwide classes of those that were cold called in the same way that Plaintiff in violation of the TCPA. FAC at ¶¶24-31 and Fabricant Decl. at ¶¶10-11.

Lisa Mcelhone's Declaration in Support of Defendant's Motion to Dismiss, Dkt. 19-1, ("Mcelhone Decl.") does not contradict any of the above referenced allegations. It does not claim that it did not call Plaintiff, while he was residing in California or even that it has a consistent policy of cold calling individuals without their consent throughout the nation. *See* Mcelhone Decl. Instead, Mcelhone's Declaration states that Defendant is a Pennsylvania company that has no affiliates, employees or offices in California, is not licensed to provide financial services in California, and has a policy not to seek business in the State of California. Mcelhone Decl. at ¶¶3-6. However, Plaintiff has no alleged any of this and as explained below,

is not necessary for Plaintiff to show that Defendant does business in the State of California, purposefully availed itself of the benefits of this forum, and is subject to personal jurisdiction in this forum.

## III. LEGAL STANDARD

Plaintiff is required to allege sufficient jurisdictional facts to properly confer this Court with personal jurisdiction over Defendant. *Munns v. Clinton*, 822 F. Supp. 2d 1048, 1077-79 (E.D. Cal. 2011). If the court decides a Rule 12(b)(2) motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of the facts in support of personal jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006). In deciding whether a prima facie showing has been made, a court need only consider the pleadings and any submitted affidavits. *Boschetto v, Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). All uncontroverted allegations are taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"The Ninth Circuit has "'established a three-prong test for analyzing a claim of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; ... (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *2 (N.D. Cal. July 14, 2014) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) "The plaintiff bears the burden on the first two prongs." *Id.*

## IV. ARGUMENT
### A. This Court Has Specific Personal Jurisdiction Over Defendant Because The Plaintiff Received the Calls In California

All uncontroverted allegations are taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's

favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff has put forth sufficient uncontroverted allegations and declarations to create an issue of fact that must be resolved in Plaintiff's favor at this stage and result in the Court finding personal jurisdiction exists.

As explained above, Defendant's declaration does not contradict the allegations in Plaintiff's Complaint or his declaration, which state that Defendant cold-called Plaintiff on his cellular telephone with a Los Angeles area code, while he resided in Los Angeles California after Plaintiff told Defendant to stop calling him. *See* FAC at ¶¶3-4, 18-23, Fabricant Decl. ¶¶4-6, and Mcelhone Decl. This is more than sufficient to establish personal jurisdiction against Defendant in this case. Courts throughout the Ninth Circuit have held that the exercise of specific personal jurisdiction is proper in cases involving alleged TCPA violations based on calls made to a plaintiff's cell phone. *See Luna v. Shac, LLC, No. C14-00607 HRL,* 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014); *Heidorn v. BDD Marketing & Mgmt. Co.*, No. C–13–00229 JCS, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013) (exercising personal jurisdiction over out-of-state defendant who contacted plaintiff's California cell phone in violation of the TCPA); *Baker v. Carribean Cruise Line, Inc.*, No. CV 13–8246–PCT–PGR, 2014 WL 880634 (D. Ariz. Mar. 6, 2014) ("[The] complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims.").

Since it must be taken as true that Defendant called Plaintiff on his cellular telephone while he was residing in Los Angeles, California, Defendant has expressly aimed its conduct at California by placing its solicitation calls, whether or not it is Defendant's policy to seek business in California as declared in Mcelhone's Decl. *See* Mcelhone's Decl. at ¶6. This fact pattern is identical to the facts at issue in *Luna v. Shac, LLC*, 2014 WL 3421514.

In *Luna*, the Plaintiff, a California resident, filed a putative class action lawsuit against a Nevada corporation alleging that the Defendant sent unsolicited

text messages in violation of the TCPA to her and individuals similarly situated throughout the nation. *Luna v. Shac, LLC*, 2014 WL 3421514 at *1. The Court determined that the Defendant satisfied every prong of the three part test set out by the Ninth Circuit for determining specific personal jurisdiction, cited above. The court held:

> When [the Defendant] intentionally sent unsolicited text messages advertising Sapphire to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the Defendant] is reasonably subject to the personal jurisdiction of this Court. This finding is consistent with several district courts who have found the exercise of specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's cell phone. *See Heidorn v. BDD Marketing & Mgmt. Co.*, No. C–13–00229 JCS, 2013 WL 6571629 (N.D.Cal. Aug. 19, 2013) (exercising personal jurisdiction over out-of-state defendant who contacted plaintiff's California cell phone in violation of the TCPA); *Baker v. Carribean Cruise Line, Inc.*, No. CV 13–8246–PCT–PGR, 2014 WL 880634 (D.Ariz. Mar. 6, 2014) ("[The] complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims."); *Branham v. ISI Alarms, Inc.*, No. 12–CV–1012 (ARR)(MDG), 2013 WL 4710588 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is essentially a strict liability statute ... defendants reasonably should have anticipated that the use of [an automated] system to call a New York cell-phone number could subject them to being held into court in New York."); *Hudak v. Berkeley Group, Inc.*, No. 3:13–cv–00089–WWE, 2014 WL 354676 (D.Conn. Jan. 23, 2014) (finding "purposeful availment" prong satisfied where defendants allegedly caused calls to be made to plaintiffs cell phone in violation of the TCPA). Accordingly, Shac's motion to dismiss for lack of personal jurisdiction is DENIED.

*Id.* at *4. Further, the court determined "notwithstanding that this finding does not subject [Defendant] to nationwide jurisdiction, the converse of [Defendant's] hypothetical hardly seems fair either, that defendants are free to unlawfully contact the cell phones of individuals all over the country yet be shielded from having to defend themselves outside their home forum merely because area codes do not have a 100% correlation with residence." *Luna*, 2014 WL 3421514 at *4.

Based on the pleadings and the case law as cited above, this Court has specific personal jurisdiction over Defendant because Plaintiff received the call in California. This is more than sufficient to claim that Defendant acted within this jurisdictional district and "the commission of 'single or occasional acts' in a State may be sufficient to render a corporation answerable in that State with respect to those acts…" *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2849 (U.S. 2011). The Supreme Court has made clear that specific jurisdiction can bind a corporation within a jurisdictional district if its agents were acting within that district. *See Daimler AG v. Bauman*, 134 S. Ct. 74, 759 (2014). Consequently, since Defendant intentionally called Plaintiff, and no doubt to other class members, who resided in California at the time, Defendant is subject to personal jurisdiction within this state.

### B. DEFENDANT'S RELIANCE ON *BRISTOL-MYERS* IS MISPLACED

Defendant's Motion to Dismiss does not argue that Defendant is subject to personal jurisdiction with respect to Plaintiff's individual claims. Instead, Defendant's Motion seems to be limited to Plaintiff's class claims. *See* Defendant's Motion to Dismiss, Dkt. 19, at Pg. 3, ("There Is No Specific Jurisdiction With Respect To the *National Classes' Claims*.")(emphasis added). Defendant's Motion is entirely based on a legally frivolous argument and relies on a mischaracterization of the Supreme Court Case of *Bristol-Myers*.

In *Bristol-Meyers*, a group of 86 California residents and 592 residents from 33 other states "filed eight separate complaints in California Superior Court," alleging products liability, negligent misrepresentation, and misleading advertising claims against the Defendant." *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1778 (2017). The Court analyzed whether personal jurisdiction applied to the claims of non-residents of California and determined that with respect to *these non-resident's claims only*, there was no basis for specific jurisdiction against Defendant. *Id*. at 1777. The Court determined that the nonresident plaintiffs did not allege that they purchased the relevant

products in California or that they were injured in California. *Id*. at 1778.

This is entirely different than the case at bar where the Plaintiff who is a California resident has expressly alleged and declared that he was harmed by Defendant in California from the acts that gave rise to the cause of action in this case. Instead, Defendant asserts that *Bristol-Myers* stands for the proposition that a California Plaintiff, despite having personal jurisdiction over his individual claims, "cannot assert claims on behalf of non-California residents against a Pennsylvania Defendant in a California courtroom." *See* Defendant's Motion to Dismiss, Dkt. 19, at Pg. 3-4. However, as explained above this case holds nothing of the sort. In fact, Justice Sotomayor explicitly states in her dissenting opinion:

> The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there. *Cf. Devlin v. Scardelletti*, 536 U.S. 1, 9–10, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) ( "Nonnamed class members ... may be parties for some purposes and not for others"); *see also Wood, Adjudicatory Jurisdiction and Class Actions*, 62 Ind. L.J. 597, 616–617 (1987).

*Id*. at 1789 footnote 4. *See also In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746 (holding "[T]he Court finds Bristol-Myers inapplicable to this suit which involves a class action Bristol-Myers was a mass tort action and it determined the court's exercise of jurisdiction to hear claims by named non-resident plaintiffs. While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in Bristol-Myers, 'claims of unnamed class members are irrelevant to the question of specific jurisdiction.' AM Trust v. UBS AG, 78 F.Supp.3d 977, 986 (N.D. Cal. 2015).")[1]

---

[1] *See also Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2018 WL 784049, at *9 (N.D. Cal. Feb. 7, 2018), *order clarified*, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018)(citing to "*Fitzhenry–Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723 (N.D. Cal. Sep. 22, 2017) (rejecting the argument that *Bristol–Myers* precludes a court from exercising personal jurisdiction over the claims of absent class members who are out-of-state); *In re Chinese–Manufactured Drywall Prods. Liability Litig.*, 2017 WL 5971622, at *12–13 (E.D. La. Nov. 30, 2017) (same); *cf. Swamy v. Title Source, Inc.*, Case No. 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) (rejecting the argument that *Bristol–Myers* precludes a court from exercising personal

The cases that Defendant's cite for a contrary conclusion are inapplicable to the case at bar. For example, Defendant cites multiple times *to Spratley v. FCA US LLC*, Case No. 3:17-CV-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017). *See* Defendant's Motion to Dismiss at Pgs. 6-7. However, in *Spratley*, the court analyzed whether there was personal jurisdiction against the *named* Plaintiffs' claims, similar to in *Bristol-Meyers*. *See Id*. This is completely different than the case at bar, where there is no question that there is personal jurisdiction with respect to the named Plaintiff in this case. Similarly, *In re Dental Supplies Antitrust Litigation*, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017), which Defendant cites in favor of its position, is a case where New York dentists seek to represent a class where the named Plaintiffs' could not establish personal jurisdiction *as to themselves*, which is also not the case here. *See Id*. at *6. Defendant is simply picking random quotations from these cases rather than engaging in a proper analysis of the applicable law in order to try and fit a square peg into a round hole.[2] The fact of the matter is that the main case that the Defendant relies on, *Bristol-Meyers*, says nothing about whether or not a named Plaintiff can bring a case on behalf of a nationwide class when his individual claims are subject to personal jurisdiction, as is the case here and which courts have routinely answered in the affirmative.

Furthermore, the Court in *Bristol-Meyers* expressly limited its ruling to apply only to the due process limitations exercised by a State, leaving "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id*. at 1783. *See also In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) (holding "[T]he Court finds Bristol-Myers is inapplicable to this case... The Court in Bristol-Myers, specifically limited its ruling to the exercise of

---

jurisdiction over the claims of out-of-state opt-in plaintiffs in a collective action proceeding under the Fair Labor Standards Act)").

[2] Defendant is similarly taking random quotations from the other cases it cites that have no relevance to this case, such as Defendant's citation of a random footnote from *Wenokur v. AXA Equitable Life Ins.* Co., Case No. CV-17-00165, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017), inapplicable to the rest of the case, as well as one court's "first blush" of the case.

jurisdiction by a state court.")[3]

Defendant is seeking to interpret this case as creating an entirely new rule about personal jurisdiction. However, the Court in *Bristol-Meyers* explicitly stated that it was simply applying already established law. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017)("Our settled principles regarding specific jurisdiction control this case.") *See also Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2018 WL 784049, at *3 (N.D. Cal. Feb. 7, 2018), *order clarified*, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018)("Contrary to Defendant's contention, *Bristol–Myers* did not reverse any Ninth Circuit precedent foreclosing Defendant's challenge. Indeed, the Supreme Court expressly stated that its decision did not inaugurate a change in law") and *In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *2 (S.D. Cal. Mar. 19, 2018)("This Court finds Bristol-Myers is not an intervening change in controlling law.")[4]

## V.   CONCLUSION

Based on the arguments set forth herein, Plaintiff respectfully asks this Court to deny Defendant's Motion.

---

[3] Defendant argues that "where a state's long-arm statute provides the basis for personal jurisdiction, the Fourteenth Amendment governs the exercise of jurisdiction no matter whether in state or federal court." *See* Defendant's Motion to Dismiss at Pg. 4. However, this is in cases of diversity, not when cases are brought to federal court under federal statute, as is the case here. *See e.g. Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1389 (8th Cir. 1991) ("Because this is a federal question case and a federally created right is at issue, we examine due process in light of the fifth amendment rather than the fourteenth amendment.")(citations omitted). *See also Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1413 (9th Cir. 1989) ("To exercise personal jurisdiction over a non-resident defendant in a federal question case, the district court had to determine that a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of ***Fifth Amendment*** due process.")(emphasis added).
[4] Furthermore, even if the *Bristol-Myers* were an intervening change in law, the Court is still obligated to follow established Ninth Circuit precedent. Whether intervening developments effectively overrule or supersede the court of appeals' precedents is typically a decision for the court of appeals itself to make *en banc*, not for district courts. *See Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012). Circuit precedent remains binding as long as it "can be reasonably harmonized with the intervening authority." *Id.*

Dated: March 23, 2018          **Law Offices of Todd M. Friedman, P.C.**

                                    By:    /s/ Todd M. Friedman
                                           Todd M. Friedman, Esq.
                                           Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

**Filed electronically on this 23rd Day of March, 2018, with:**

United States District Court CM/ECF system.

Notification sent electronically on this 23rd Day of March, 2018, to:

Honorable Andre Birotte
United States District Court
Central District of California

And All Counsel of Record as Recorded On The Electronic Service List


/s/ Todd M. Friedman, Esq.

Todd M. Friedman