UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FAST ADVANCE FUNDING, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:17-cv-05753-AB (JCx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I.   INTRODUCTION

Pending before the Court is Defendant Fast Advance Funding, LLC's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of personal jurisdiction.  (Dkt. No. 19 ("Mot.").)  Plaintiff Terry Fabricant ("Plaintiff") filed an opposition and Defendant filed a reply.  (Dkt. Nos. 25, 27.)  On April 12, 2018, the Court took Defendant's Motion under submission without oral argument.  (Dkt. No. 29; *see* Fed. R. Civ. P. 78; L.R. 7-15.)  After reviewing the papers filed in support of and against Defendant's Motion, and for the following reasons, the Court hereby **DENIES** Defendant's Motion.

1.

## II. BACKGROUND

Plaintiff is an individual residing in California. (Dkt. No. 10 ("FAC") ¶ 4.) Defendant is a business incorporated in Pennsylvania, with its principal place of business in Pennsylvania. (Dkt. No. 19-1 ("McElhone Decl." ¶ 3.).)[1] Plaintiff filed its FAC against Defendant on November 15, 2017, bringing claims on behalf of himself and others similarly situated.

Plaintiff contends that Defendant negligently or knowingly and willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, including the National Do-Not-Call provisions, and thereby, invaded Plaintiff's privacy. (FAC ¶ 1.) On March 29, 2017, Defendant made its initial call to Plaintiff's cellular telephone number. (Dkt. No. 25-1 ("Fabricant Decl.") ¶ 5.) Plaintiff's number has an area code specific to Los Angeles County, California and was registered with the Do-Not-Call Registry at that time. (FAC ¶¶ 5, 17.)

After the initial call, Plaintiff requested more information and received emails from Defendant at his place of residence in Los Angeles County. (Fabricant Decl. ¶ 6.) In addition, Defendant placed multiple calls to Plaintiff's cell phone in an attempt to sell Plaintiff its services. (FAC ¶¶ 18, 20.) During one of the initial calls, Plaintiff requested that Defendant stop calling, revoking any prior express consent. (Fabricant Decl. ¶ 6; FAC ¶ 21.) Nevertheless, Plaintiff contends that Defendant continued to solicit its services in violation of the National Do-Not-Call Provision. (Fabricant Decl. ¶ 6; FAC ¶ 22.) Furthermore, Plaintiff alleges that Defendant used an "automatic telephone dialing system" and that Defendant did not have any prior express consent to call Plaintiff's cell phone by using an automatic telephone dialing system or an artificial or prerecorded voice service. (Fabricant Decl. ¶¶ 6, 9; FAC ¶¶ 16–17.)

---

[1] Defendant Jamie McElhone, an employee of Defendant Fast Advance, was dismissed from the case on December 16, 2017. (Dkt. No. 14.)

In addition to Plaintiff's own claims, Plaintiff seeks to represent members of four nationwide classes composed of individuals who were also cold called in violation of the TCPA. (Fabricant Decl. ¶¶ 10–11.) Defendant does not dispute that it called Plaintiff, or that it solicited Plaintiff for business. Instead, Defendant alleges that it has no offices or employees in California, is not licensed to provide financial services in California, and is not seeking to do business in California, and as a result, this Court does not have personal jurisdiction over Defendant for the nationwide class claims. (McElhone Decl. ¶¶ 4–6; *see* Mot.)

On March 16, 2018, Defendant filed its Motion to Dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Mot.)

## III. LEGAL STANDARD

Rule 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. In opposing such a motion, the plaintiff bears the burden of establishing that the court has jurisdiction over the moving defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the defendant's motion is "based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Although uncontroverted allegations in the complaint must be taken as true, the plaintiff cannot simply rely on the bare allegations of the complaint. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). "[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Nevertheless, factual disputes are resolved in the plaintiff's favor. *Caddy*, 453 F.3d at 1154.

## IV. DISCUSSION

Defendant argues that there is no general personal jurisdiction because Defendant has no affiliations that are continuous and systematic in California. Plaintiff does not dispute this, and the Court agrees that general jurisdiction does not exist. In addition, Defendant does not address whether specific personal jurisdiction exists as to Plaintiff's individual claims. Instead, Defendant relies on the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017), to argue that personal jurisdiction does not exist as to the potential non-Californian class members' claims because those claims do not arise out of or relate to Defendant's contacts with California. Defendant then argues that Plaintiff has not alleged individual claims, but has only alleged claims on behalf of the different nationwide classes. Therefore, Defendant contends that Plaintiff's FAC should be dismissed in its entirety.

In response, Plaintiff argues that there is personal jurisdiction as to Plaintiff's individual claims because Defendant violated the TCPA when it cold-called his cell phone, which has a Los Angeles area code, and continued to call even after Plaintiff requested that Defendant cease calling him. (Fabricant Decl. ¶¶ 4–6.) With regard to the potential nationwide class, Plaintiff argues that the Supreme Court's holding in *Bristol-Myers* was narrowly tailored to state courts and mass tort actions, not federal courts and class actions. Therefore, Plaintiff contends that this Court has personal jurisdiction over the potential nationwide class members' claims.

The Court will first address whether personal jurisdiction exists as to Plaintiff's individual claims and then will address whether personal jurisdiction exists as to the class claims.

There are no applicable federal statutes governing personal jurisdiction in this case. Therefore, the district court applies California state law to determine whether personal jurisdiction exists. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320

(9th Cir. 1998). California's long arm statute permits a court to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Due process requires an out-of-state defendant to have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (internal quotation marks omitted). Specific jurisdiction satisfies this minimum contacts requirement. *Id.*

### A. The Court Has Specific Jurisdiction as to Plaintiff's Individual Claims

In the Ninth Circuit, a plaintiff can establish specific jurisdiction under a three-prong test: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The "purposeful availment" standard and the "purposeful direction" standard are two distinct concepts. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012), *abrogation in part, and on other grounds, recognized in Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). "Purposeful availment" applies to contract claims while "purposeful direction" applies to tort claims. *Schwarzenegger*, 374 F.3d 797, 802–03. "The plaintiff bears the burden of satisfying the first two prongs of the" specific jurisdiction test. *Id*. If the plaintiff meets its burden, then the burden shifts to the defendant to show that jurisdiction does not comport with fair play and substantial justice. *Id*.

Because Plaintiff alleges a tort claim, the "purposeful direction" standard applies. To determine whether an alleged tortfeasor purposefully directed its activities at the forum state, courts apply a three-part "effects test" derived from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). The "effects test" requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

The "effects test" is satisfied and specific jurisdiction exists in a TCPA violation case if the plaintiff alleges facts showing that the defendant intentionally made unsolicited communications to the plaintiff in the forum state, and those communications are the basis of the plaintiff's claim. *See, e.g.*, *Baker v. Carribean Cruise Line, Inc.*, No. CV 1308246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) ("[The] complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims."); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting that defendant would be subject to personal jurisdiction if it had intentionally made unsolicited calls to plaintiff's cell phone, which had a California area code); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding specific personal jurisdiction under the "effects test" because defendant intentionally sent unsolicited text messages directly to cell phones with California-based area codes and knew the alleged harm would likely be suffered in California); *Heidorn v. BDD Mktg. & Mfg. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013) (finding specific personal jurisdiction where defendant called, emailed, and operated a website that a California plaintiff used, and the plaintiff's claims arose out of those contacts).

The Court finds that Plaintiff's allegations in its FAC are sufficient to establish specific jurisdiction. Plaintiff alleges that Defendant made unsolicited phone calls to Plaintiff's cell phone, which has a California area code. Defendant does not dispute this factual allegation. Furthermore, Defendant continued to call Plaintiff even after Plaintiff told Defendant to stop calling him. Because Defendant made unsolicited phone calls to Plaintiff's cell phone, and Plaintiff's claims arise out of these calls, Plaintiff has met his burden to show that specific personal jurisdiction exists as to his individual claims. *See, e.g.*, *Baker*, 2014 WL 880634 at *2. Thus, the burden of proof shifts to Defendant to show that jurisdiction is unreasonable.

Here, Defendant does not dispute that Plaintiff has specific jurisdiction. Instead, Defendant alleges that Plaintiff's claims are exclusively made on behalf of the nationwide class, and that the nationwide class lacks personal jurisdiction over Defendant. Thus, Defendant argues that all of Plaintiff's claims must be dismissed.

It is well established that courts consider a plaintiff's complaint in its entirety. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Plaintiff states several times in his FAC, that he brings these claims "individually and on behalf of all others similarly situated," and Plaintiff specifically alleges violations that he suffered. (FAC ¶¶ 1, 8–21.) Thus, Plaintiff's enumerated causes of action encompass both his individual claims and the putative nationwide class claims. As such, the Court does not dismiss Plaintiff's individual claims.

### B. Unnamed Nationwide Class Member Claims

Next, Defendant asserts that this Court lacks personal jurisdiction over Plaintiff's nationwide class claims. Defendant relies on the Supreme Court's recent ruling in *Bristol-Myers* regarding personal jurisdiction over claims by out-of-state plaintiffs. Defendant argues that the ruling in *Bristol-Myers* applies to federal courts and to class actions. Plaintiff contends that *Bristol-Myers* is distinguishable from the present case and does not apply.

### 1. The Supreme Court's Decision in *Bristol-Myers*

In *Bristol-Myers*, the Supreme Court held that California state courts could not assert specific jurisdiction over a defendant for claims made by out-of-state plaintiffs when the defendant's actions giving rise to their claims did not occur in California and there was no connection between the plaintiffs and the forum state. 137 S. Ct. at 1778. There, 86 California residents and 592 residents from 33 other States, alleged that the defendant's drug Plavix had damaged their health. *Id.* All of the claims were brought under California law in a mass tort case. *Id.* The nonresident plaintiffs did not allege that they obtained Plavix in California, were injured in California, or had their injuries treated in California. *Id.* The Supreme Court reasoned that because the nonresident claims had no affiliation between the forum state and the underlying controversy there was no specific jurisdiction. *Id.* at 1781. The Court also made clear that its decision only concerned the "due process limits on the exercise of specific jurisdiction by a State" and left "open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784. In addition, Justice Sotomayor noted in her dissenting opinion that "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum States seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4.

The Ninth Circuit has not addressed whether *Bristol-Myers* applies to federal courts or to unnamed nationwide class actions. However, other district courts in the Ninth Circuit have considered these questions.

### 2. *Bristol-Myers* Does Not Apply to Federal Courts

In *Sloan v. General Motors LLC*, the court considered whether *Bristol-Myers* applies to federal courts and held that it does not categorically apply. *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2018 WL 784049, at *6 (N.D. Cal. Mar. 5,

2018). The *Sloan* court explained that *Bristol-Myers* regarded unique interstate federalism concerns, which the Supreme Court incorporated in its due process analysis. *Id.* Those federalism concerns did not arise in *Sloan* because federal courts "represent the same federal sovereign." *Id.* at *7. "[T]he due process analysis differs fundamentally when a case is pending in federal court." *Id.* at *6. "[W]here a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers* and which may be 'decisive' in a state court's analysis." *Id.* at *7. Thus the court noted that because the litigation involved a federal question, the interstate federalism concerns were not at issue, and thus, the due process analysis returned to whether jurisdiction comports with "traditional notions of fair play and substantial justice." *Id.* at *7–8 (citing to *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The court's reasoning in *Sloan* applies to the present case. Plaintiff's action concerns a federal question, was brought in federal court, and does not raise the same interstate federalism concerns found in *Bristol-Myers*. Furthermore, *Bristol-Myers* explicitly did not address due process concerns under the Fifth Amendment with regard to federal courts, and there is no binding authority requiring the application of *Bristol-Myers* in this case. Therefore, this Court does not apply the Supreme Court's personal jurisdiction reasoning in *Bristol-Myers* to the present case.

### 3. *Bristol-Myers* Does Not Apply to Class Actions

Even if *Bristol-Myers* applies to federal courts considering federal questions, the current case is also distinguished from *Bristol-Myers* because it deals with a class action, not a mass tort action.

In *Ambriz v. Coca Cola Co.*, the court held "that a defendant's contacts with the named plaintiff in a class action, without reference to the defendant's contacts with unnamed members of the proposed class, must be sufficient for the Court to exercise specific personal jurisdiction over the defendant." No. 13-CV-03539-JST, 2014 WL

9.

296159, at *6 (N.D. Cal. Jan. 27, 2014). The court further explained that "it is the named plaintiff's claim that 'must arise out of or result from the defendant's forum-related activities,' not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification." *Id.*

In addition, the court in *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.* distinguished *Bristol-Myers* on the basis that it dealt with a mass tort action and not a class action. No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). There, the court reasoned that each plaintiff in a mass tort action is a named plaintiff and a real party in interest to the complaint. *Id.* Conversely, in a putative class action, one or more plaintiffs represent similarly situated plaintiffs, but the named plaintiffs are the only plaintiffs actually named in the complaint. *Id.* The Supreme Court has held that "[n]onnamed class members . . . may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002). For example, the Supreme Court only considered the named plaintiffs' citizenship for diversity purposes. *Id.* at 10. Under this reasoning, the *Fitzhenry-Russell* court held that *Bristol-Myers* did not apply to class actions. 2017 WL 4224723, at *5; *see Feller v. Transamerica Life Ins. Co.*, No. 2:16-CV-01378-CAS-AJW, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017) (holding that *Bristol-Myers* does not apply to class actions and finding personal jurisdiction for a nationwide class).

In contrast, Defendant argues that *Fitzhenry-Russell* got it wrong because the Rules Enabling Act forbids making distinctions between unnamed class members and named plaintiffs, but Defendant fails to provide any binding authority to substantiate its argument. Instead, Defendant points to district court cases in Illinois. The Court is

not persuaded and finds the reasoning in *Ambriz*, *Fitzhenry-Russell*, and *Feller* instructive.

In the present case, there is one named Plaintiff who resides in California. This Plaintiff's alleged harm occurred in California and arises out of actions taken by Defendant directed at California. The Plaintiff also proposes to represent nationwide classes, and the members of those classes are unnamed at this point in the litigation. In the personal jurisdiction analysis, the claims of unnamed members of a proposed class are not relevant to the determination of specific jurisdiction, only the claims of named plaintiffs. Thus, the personal jurisdiction analysis concerning named plaintiffs in a mass tort action is distinguishable from the personal jurisdiction analysis of unnamed members of a proposed nationwide class action. This is especially true where there are no facts yet to determine the location of members of the nationwide class or where those class members suffered their harm. In sum, the Court finds that *Bristol-Myers* does not apply to the present case, and there is personal jurisdiction over Defendant for the nationwide class claims.

The Court also notes that Rule 12(b)(3)'s strict waiver rule extends only to defenses available at the time of the challenge. *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). A defendant can show that a defense was not previously available by demonstrating that it "would have been directly contrary to controlling precedent in this Circuit." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135–36 (2d Cir. 2014). Furthermore, in *Broomfield v. Craft Brew Alliance, Inc.*, although the court noted that *Bristol-Myers* might apply to out-of-state nationwide class members not injured in California, the court deferred consideration of the defendant's specific personal jurisdiction arguments regarding nonresident plaintiffs of a nationwide class until class certification. No. 17-CV-01027-BLF, 2017 WL 3838453, at *15 (N.D. Cal. Sept. 1, 2017), *on reconsideration in part*, No. 17-CV-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017) (reconsidering different issue). Thus, this Court

notes that Defendant is not necessarily barred from raising personal jurisdiction challenges during class certification, or if other named plaintiffs are added.

## V.  CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: April 26, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE