William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Amelia L.B. Sargent (Bar No. 280243)
asargent@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant
FAST ADVANCE FUNDING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAST ADVANCE FUNDING, LLC; JAMIE MCELHONE; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-5753-AB-JC<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of William A. Delgado and [Proposed] Order Filed Concurrently Herewith]**<br><br>Date:    June 22, 2018<br>Time:   10:00 a.m.<br>Court:  Courtroom 7B<br><br>Assigned to the Hon. Andre Birotte, Jr. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2018 at 10:00 a.m. in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, 90012, Defendant Fast Advance Funding LLC's counsel, Willenken Wilson Loh & Delgado LLP ("Willenken" or "Counsel"), will and hereby does, move, for an order permitting it to withdraw as counsel for Defendant in this matter.

The Motion is made on the grounds that: (i) Plaintiff has been in arrears for several months and has failed to pay several invoices in this matter; (ii) Willenken has not been able to communicate directly with Fast Advance in weeks, making it impossible to discuss the present litigation, including litigation strategy.

This Motion is brought pursuant to this Notice of Motion and Motion; the Memorandum of Points and Authorities filed herewith, the Declaration of William A. Delgado, and on such other or further matters as may be presented at the hearing of this matter. This Motion is made following a conference of counsel pursuant to Local Rule 7-3 between William A. Delgado and Adrian Bacon, counsel for Plaintiff. Plaintiff does not object to the relief requested herein.

Dated: May 17, 2018

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
    William A. Delgado
    Attorneys for Defendant
    FAST ADVANCE FUNDING LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

For several months, Willenken, counsel for Fast Advance Funding LLC ("Fast Advance"), has patiently waited for its client to pay several outstanding invoices. During that time, Willenken has dutifully carried out its obligations to Fast Advance in a manner consistent with the Rules of Professional Conduct, including by securing the dismissal of individual defendant Jamie McElhone, preparing and filing a motion to dismiss, and communicating with Norm Valz, a Philadelphia attorney who has been acting as Willenken's point of contact with Fast Advance.

Nevertheless, Fast Advance has not paid a single Willenken invoice dating back to January 2018. Moreover, communicating with Mr. Valz has become increasingly difficult and communicating directly with Fast Advance's principals has been nearly impossible. Indeed, since the filing of the motion to dismiss, Willenken has not been able to directly speak to anyone at Fast Advance regarding this case or the potential strategy therefor.

For these reasons, Willenken respectfully seeks leave to withdraw as counsel in this matter. Plaintiff does not oppose this motion. Willenken is unaware of Fast Advance's position regarding this motion, but this motion will be served on both Mr. Valz (by e-mail) and Fast Advance (by overnight courier).

//

//

## II. STATEMENT OF FACTS[1]

As stated in the introduction, there are two fundamental reasons that Willenken seeks to withdraw as counsel. First, Fast Advance has failed to pay for legal services and costs. With respect to that argument, the facts are as follows:

1. On November 30, 2017, Fast Advance entered into a written agreement (i.e., an engagement letter) with Willenken, pursuant to which Willenken would provide Fast Advance with legal representation in this matter. Declaration of William A. Delgado, dated May 14, 2018, at ¶ 2.

2. The Willenken engagement letter specifically required that invoices be paid within thirty (30) days and further provided that Willenken would withdraw in the event of nonpayment of its legal fees. Delgado Decl., ¶ 3

3. Starting in January 2018, Willenken has issued a monthly invoice for legal fees and out of pocket expenses. Consequently, Willenken has issued five such invoices, none of which has been paid. Delgado Decl., ¶ 4.

Secondarily, Willenken has had a difficult, if not impossible time, communicating with its client. With respect to that argument, the facts are as follows:

---

[1] Given the nature of this motion and Counsel's duties to maintain the confidentiality of its conversations with Fast Advance, only a high-level set of relevant facts is set forth in this publicly-available document. *Accord* California Rule of Court 3.1362 ("The motion to be relieved as counsel must be accompanied by a declaration... **The declaration must state in general terms and without compromising the confidentiality of the attorney-client relationship** why a motion under Code of Civil Procedure section 284(2) is brought instead of filing a consent under Code of Civil Procedure section 284(1)"). Nevertheless, to the extent the Court has questions regarding this motion, counsel would request that they be allowed to present the information *in camera* on an *ex parte* basis, as appropriate.

MOTION TO WITHDRAW AS COUNSEL
3

145195.1

1. Willenken was initially contacted to represent Fast Advance by Norm Valz, a Philadelphia attorney who has acted as Willenken's point of contact. Delgado Decl., ¶ 5.

2. Communicating with Mr. Valz has become increasingly difficult. Delgado Decl., ¶ 6. (Details can be provided *in camera*.)

3. In February 2018, Willenken attorney, Amelia Sargent, spoke to Jamie McElhone. Since then, no Willenken attorney has spoken directly to someone at Fast Advance. Delgado Decl., ¶ 7.

4. On May 2, 2018, Willenken informed Mr. Valz that absent (i) payment of outstanding invoices by May 7, 2018 and (ii) a direct discussion between Willenken and the principals of Fast Advance by May 7, 2018, Willenken would have to withdraw from the matter. Delgado Decl., ¶ 8. Fast Advance did not acquiesce to either request, and, as such, on May 8, 2018, Willenken informed Mr. Valz that it would file the present motion. Delgado Decl., ¶ 8.

## III. ARGUMENT

### A. Standard Governing Motions for Leave to Withdraw.

Local Rule 83-2.3.2 provides as follows:

> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

### B. Failure to Pay for Legal Fees Constitutes Good Cause for Withdrawal.

Notwithstanding the language in the Local Rule regarding failure to pay, courts in this district and throughout the country have regularly recognized that a client's failure to pay for legal services *can* constitute "good cause" for withdrawal. As one Court recognized:

> While this Court's Local Rules state that a failure to pay agreed compensation is not *necessarily* sufficient to establish good cause, the California Rules of Professional Conduct allow for withdrawal where a client makes it "unreasonably difficult ... to carry out the employment effectively" or where a client "breaches an agreement or obligation to the member [of the California State Bar] as to expenses or fees." Cal. R. Prof Conduct 3-700(C)(l)(d) & (f); *see also* Schwarzer, Tashima, et al., <u>Cal. Practice Guide: Federal Civil Procedure Before Trial</u> (The Rutter Group 2013) § 12:192, at 12-66.4 (noting that "[f]ederal courts generally look to applicable state rules of professional conduct"); *id.* § 12:193, at 12-66.4 ("The client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw.").

*IV Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, 2015 WL 12819166, at *2 (C.D. Cal. Nov. 30, 2015); *see also Kirkland v. Golden Boy Promotions, Inc.*, 2013 WL 12138685, at *2 (C.D. Cal. May 8, 2013) ("Failure to pay attorneys' fees constitutes good cause for withdrawal under the Rules of Professional Conduct."); *Evolv Health, LLC v. Cosway USA, Inc.*, 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) ("The Court concludes that the failure to pay expenses in a timely

manner constitutes sufficient cause to withdraw from the action and thus does not address the second basis for withdrawal.").

Here, there is no question that Fast Advance has failed to timely pay Willenken invoices as required by the engagement letter with Willenken.  In light of what appears to be a steadfast refusal to pay any invoice, Willenken has demonstrated good cause to withdraw.

### C. Failure to Communicate Also Constitutes Good Cause.

"Under the Rules of Professional Conduct, counsel may withdraw where the client engages in conduct that renders it unreasonably difficult for counsel to carry out employment effectively."  *Kirkland,* 2013 WL 12138685, at *2.  As stated above, communicating with Fast Advance's legal representative, Norm Valz, has become challenging, and, with a single exception that occurred more than three months ago, communication with Fast Advance's principals has been non-existent.  More importantly, a recent attempt by Willenken to re-engage has been rebuffed.

It is unreasonably difficult for Willenken to proceed with its representation of Fast Advance in light of these circumstances.  Now that the Court has denied Fast Advance's motion to dismiss, the parties will need to agree upon a case management schedule and commence discovery—two things that Willenken will not be able to do without communicating to its client.  Moreover, because Willenken is unable to speak to Fast Advance directly about such things as litigation strategy or potential settlement, it would be litigating "in a vaccuum," unsure of what its clients wanted to achieve and what steps it would be willing to take to defend itself.

### D. Willenken Has Provided Adequate Notice to Fast Advance.

"Counsel is required to give a client advance notice of their intention to seek permission to withdraw." <u>Kirkland</u>, 2013 WL 12138685, at *3.

Here, Willenken provided notice on two different occasions. First, on May 2, 2018, it provided Fast Advance the opportunity to address the outstanding issues between attorney and client, but Fast Advance failed to do so. Because it failed to do so, on May 8, 2018, Willenken provided definitive notice that it would file the present motion. Moreover, Willenken will be serving this motion on both Norm Valz and Fast Advance and has set the hearing date on this motion sufficiently in the future to permit Fast Advance the opportunity to be heard.

### E. There Is No Prejudice to Fast Advance.

Willenken's withdrawal would not materially prejudice Fast Advance. This case is in its infancy. While the Court has ruled on a preliminary motion to dismiss, it has not yet held a scheduling conference, and the case is far from trial. Nor can it be said that Willenken has such institutional knowledge of this matter or Fast Advance's litigation strategy that permitting withdrawal would be fatal to Fast Advance's chances of success. Ironically, Willenken is seeking to withdraw precisely because it cannot communicate with its client, making it impossible for it to have institutional knowledge or an unparalleled command of the litigation strategy for this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Counsel respectfully request that the Court grant this motion for leave to withdraw as counsel of record.

Dated: May 17, 2018　　　　　　　　WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
　　William A. Delgado
　　Attorneys for Defendant
　　FAST ADVANCE FUNDING LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

I also served a copy of this filing on Norm Valz by e-mail at: nvalz@msn.com and on Fast Advance by overnight courier at: 20 N. 3rd Street, Philadelphia, PA, 19106.

Dated: May 17, 2018                    WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
    William A. Delgado
    Attorneys for Defendant
    FAST ADVANCE FUNDING LLC