Kimberly A. Wright, Esq. (265899)
**REVOLVE LAW GROUP LLP**
2601 Main Street, Suite 1200
Irvine, CA 92614
T:  833-775-4557
F:  888-711-7710

Attorneys for Defendant,
Fast Advance Funding LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FAST ADVANCE FUNDING LLC; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No. 2:17-CV-05753-AB-JC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Fast Advance Funding LLC ("Defendant"), through its counsel Revolve Law Group LLP, hereby answers the Complaint of Plaintiff Terry Fabricant ("Plaintiff") as follows:

Defendant Fast Advance Funding, ("Defendant"), through its counsel, Kimberly A. Wright, Esq., hereby answers the Complaint of Terry Fabricant ("Plaintiff") as follows:

## NATURE OF CASE

1. The allegations of paragraph 1 of the Complaint speak for themselves, and reference to the Complaint is made for the precise language therein. Defendant denies the allegations in paragraph 1 of the Complaint to the extent they are not supported by the allegations in the Complaint and to the extent they assert any wrongdoing on the part of Defendant.

## Jurisdiction and Venue

2. The allegations in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 7 of the Complaint.

3. The allegations in paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 8 of the Complaint.

## Parties

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis deny same.

5. The allegations in paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

legal conclusions, Defendant deny allegations the allegations of paragraph 5 of the Complaint.

7. Denied.

**Factual Allegations**

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 8 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 at Plaintiff – particularly as Plaintiff is unable to narrow the scope of this allegation beyond a calendar month.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 at Plaintiff – particularly as Plaintiff is unable to narrow the scope of this allegation beyond a calendar month.

12. Defendant admits allegations of paragraph 12 in so far as any calls Defendant potentially made to Plaintiff were not emergency calls.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis deny same.   However, on information and belief, Defendant avers that Plaintiff has knowingly and willingly attempted to prompt a number of business related  marketing calls to said telephone numbers given the large number of TCPA cases Plaintiff has personally brought against a number of business organizations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies the same. However, on information and belief, Defendant avers that Plaintiff has knowingly and willingly attempted to prompt a number of business related  marketing calls to said telephone numbers given the large number of

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

TCPA cases Plaintiff has personally brought against a number of business organizations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies the same. However, on information and belief, Defendant avers that Plaintiff has knowingly and willingly attempted to prompt a number of business related marketing calls to said telephone numbers given the large number of TCPA cases Plaintiff has personally brought against a number of business organizations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 at Plaintiff – particularly as Plaintiff is unable to narrow the scope of this allegation beyond a calendar month.

17. Statement of law which speaks for itself – however inapplicable to the situation giving rise to Plaintiff's alleged causes of action.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 at Plaintiff – particularly as Plaintiff is unable to narrow the scope of this allegation beyond an unspecified calendar year.

19. Denied. Defendant avers on information and belief that Plaintiff gave his consent to being called.

20. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 as Plaintiff has absolutely failed to provide any guidance as to the alleged timeframe.

21. Denied.

## CLASS ALLEGATIONS

22. It is denied that a certifiable class exists concerning ATDS claims.

23. It is denied that a certifiable class exists concerning revocation of consent related to ATDS claims.

Case 2:17-cv-05753-AB-JC   Document 38   Filed 08/06/18   Page 5 of 11   Page ID #:235

24. It is denied that a certifiable class exists concerning the National Do-Not-Call violation.

25. It is denied that a certifiable class exists concerning the National Do-Not-Call violation following revocation of consent.

26. It is denied that a certifiable class exists concerning the use of ATDS Class and or with an artificial voice.

27. It is denied that such a class exists.

28. It is denied that such a class exists.

29. It is denied that such a class exists.

30. It is denied that such a class exists.

31. It is denied that such a class exists.

32. It is denied that such a class exists.

33. It is denied that such a class exists.

34. Denied as stated. Defendant avers that Plaintiff is not an individual who can claim to be a victim under the Act, and further that Plaintiff is a professional litigant who seeks out if not precipitates such calls to then litigate them for money.

35. It is denied that such a class exists.

36. Denied as stated. Defendant avers that Plaintiff is not an individual who can claim to be a victim under the Act, and further that Plaintiff is a professional litigant who seeks out if not precipitates such calls to then litigate them for money.

37. It is denied that such a class exists or that such a group of people suffered damages due to the alleged acts of Defendant.

38. It is denied that such a class exists or that such a group of people suffered damages due to the alleged acts of Defendant.

39. It is denied that such a class exists or that such a group of people suffered damages due to the alleged acts of Defendant.

ANSWER OF DEFENDANT FAST ADVANCE FUNDING LLC
5

40. It is denied that such a class exists or that such a group of people suffered damages due to the alleged acts of Defendant.

41. Denied. It is denied Plaintiff received said calls subsequent to revoking consent.

42. Denied. Plaintiff has been a professional TCPA litigant and presently has several TCPA suits pending before this Court.

43. Denied. The uniqueness of each alleged litigant's circumstances and fact patterns make the Class Action method of litigation onerous and ineffective.

44. Denied. Individual litigation, by litigants actually representing their own best interests

45. Denied, in so far as Defendant cannot respond to the vague allegation/statement of said paragraph.

## Causes of Action

## First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227, *et seq.*)

46. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

47. Defendant denies the allegations in paragraph 47 of the Causes of Action set forth in the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Causes of Action set forth in the Complaint.

49. Defendant denies that Plaintiff is entitled to injunctive as requested in paragraph 49 of the Causes of Action set forth in the Complaint.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227, *et seq.*)

50. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

51. Defendant denies the allegations in paragraph 51 of the Causes of Action set forth in the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Causes of Action set forth in the Complaint.

53. Defendant denies that Plaintiff is entitled to injunctive as requested in paragraph 53 of the Causes of Action set forth in the Complaint.

### Third Cause of Action

(Negligent Violation of the TCPA "7 U.S.C. § 227(c)

54. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

55. Defendant denies the allegations in paragraph 55 of the Causes of Action set forth in the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Causes of Action set forth in the Complaint.

57. Defendant denies that Plaintiff is entitled to injunctive as requested in paragraph 61 of the Causes of Action set forth in the Complaint.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA  47 U.S.C. § 227, *et seq*.)

58. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

59. Defendant denies the allegations in paragraph 59 of the Causes of Action set forth in the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Causes of Action set forth in the Complaint.

61.     Defendant denies that Plaintiff is entitled to injunctive as requested in paragraph 61 of the Causes of Action set forth in the Complaint.

**WHEREFORE**, Defendant demand judgment dismissing the Complaint and awarding reasonable attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any act, error, or omission of Defendant as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, which are expressly denied, were caused, in whole or in part, by the affirmative wrongdoing, negligence, want of care, omissions, or other culpable conduct of Plaintiff and such persons other than Defendant, without the affirmative acts of Defendant contributing thereto, and as a consequence thereof, Plaintiff's damages, if any, should be reduced or barred accordingly.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which Defendant have no control or right of control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's own negligent, reckless, willful, and/or wanton conduct contributed to his alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant substantially complied in good faith with applicable provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, and is entitled to each and every defense afforded to it by that statute. Specifically, if Defendant committed any violation of the TCPA, which is denied, it was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**EIGHTH AFFIRMATIVE DEFENSE**

No acts or omissions by Defendant were an actual cause, legal cause, contributing cause, substantial factor, or proximate cause with respect to the damages, if any, sustained by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not due to any breach of duty by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has agreed not to sue or has compromised, settled, or otherwise reached some arrangement with any other party, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court find this not to be a bar, the jury should be advised of the agreements of Plaintiff and any monetary amounts involved so that Defendant can be credited with or receive an offset for said amounts Plaintiff has already received so as to prevent "double recovery" by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks punitive damages in this case, any such damages must be based upon a finding of intentional, malicious, reckless, and/or

conscious criminal misconduct by Defendant and Plaintiff cannot meet this burden. Any award of punitive damages based upon a lesser standard would be a violation of Defendant' right to due process of law under both the Pennsylvania and United States Constitutions.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statue(s) of limitations or repose, and/or by the equitable doctrine of laches, waiver, and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

The complaint and each cause of action contained therein are barred because Plaintiff provided prior express consent, through an established business relationship or otherwise, that he be called on his cell phone number.

### FIFTEENTH AFFIRMATIVE DEFENSE

With regard to some of the calls made by Defendant, the subject telephone system did not employ the use of a prerecorded or artificial voice under the TCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5).

### SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint and each cause of action contained therein may be barred as to any alleged cell phone calls received by plaintiff where the calls were not charged to him (e.g., unlimited cell phone plans). See, e.g., 47 U.S.C. §227(b)(2)(C).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff consented to the acts and events set forth in the complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserve the right to supplement their affirmative defenses at any time prior to trial.

Dated: August 6, 2018                    **REVOLVE LAW GROUP LLP**

                                         By: __/s/ *Kimberly A. Wright*____
                                             Kimberly A. Wright
                                         Attorneys for Defendant Fast Advance Funding LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                     /s/ *Kimberly A. Wright*
                                                                       Kimberly A. Wright

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614